ASSUMPSIT.

Case 60.

# Bays *vs* Patton.

ERROR TO THE FLOYD CIRCUIT.

January 22.

*Assignor and assignee. Diligence by suit.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

The facts of the case.

THIS was an action of assumpsit by Bays, the assignee, against Patton, the assignor of a promissory note. And the only question is, whether due diligence was used in prosecuting the suit against the obligor. The note was due on the 25th day of December, 1839. It was assigned to the present plaintiff on the 28th of February following. On the 7th of March, the plaintiff assigned it to another, who on the 22d of March filed his petition and note in the clerk's office of the Greenup Circuit Court. On the 23d of March a summons issued on the petition. The spring term of the Greenup Circuit Court commenced on the 6th of April, and the summons having been returned by the Sheriff " not executed," an alias summons issued, upon the service of which a judgment was rendered at the July term, and an execution, issued thereon in due time, was returned "no property," and the plaintiff thereupon paid off the claim of his assignee, and brought this suit against his own assignor. It appears that the parties, except the obligor, resided in Floyd county, some seventy five or eighty miles from the court house of Greenup, and that the obligor resided twelve or fourteen miles from the same place, and in Greenup county, pursuing the occupation of a farmer, and that the weather and roads were very bad. These circumstances are relied on to excuse the delay in commencing the suit. No reason is

shown why the first process was not executed by the Sheriff.

It has always been required that the assignee should use reasonable diligence to obtain a judgment on the assigned note, at the first term after the assignment. It has not been deemed necessary that he should at all hazards, commence his suit immediately, if the intervening period before the term of the Court would admit of delay. But it must be required that he should use such diligence as a man of ordinary prudence, who deemed it important to have a judgment at the first term, would use if he were alone interested in the collection of the note. Then at the date of the assignment to the present plaintiff, (and it is in reference to that assignment that the question is to be considered,) there were thirty seven days to the commencement of the term in Greenup, and but twenty seven for service of process in time for a judgment at that term. Process issued on the 23d of these days, leaving only four, or at most five, within which it could be served, with the desired effect. If the assignee had known that the obligor would be remaining at home, and that the Sheriff could and would on any day go out to serve the process on him, or if he had had good reason for expecting this, the postponement of the suit until only four or five days were left for the service of process, would hardly have been excusable; and it might well be doubted whether the unnecessary delay would not have subjected him to the charge, and the consequences of unreasonable negligence, if notwithstanding his expectations, the process should not have been served. But as the case actually was, the assignee residing at the distance of 75 or 80 miles, had no ground on which to base the expectation that he would be enabled to obtain a judgment at the first term, by issuing process at so late a period, except the mere possibility that it might be served within five days. He should have considered that the state of the weather and of the roads to which he refers as an excuse, might also have retarded the Sheriff in the performance of his duties; that in the accumulation of process in his hands during the last days

in which it should be executed for the approaching term, and in a county so large and mountainous as Greenup, he might not, with reasonable exertions and in view of his duty to others, be able to serve promptly, a summons issued so late against a party residing at such a distance from the Court house. And he does not appear to have had any special reason to suppose that the obligor would be at home, or even in the county during the four or five days within which the process must be served. We think it is manifest that a prudent man, living 75 or 80 miles from the county in which his debtor resided, and deeming it important to have a judgment at the first term, would not have postponed his suit for twenty two or three days, upon the mere supposition or calculation that the process might perhaps, be executed within the next four or five days. The circumstances furnish no data upon which we can say that, allowing for ordinary contingencies, or upon all reasonable calculation, the assignee had a right to expect that he might postpone his suit as he did, and still obtain a judgment at the first term. Nor does it appear that he used any exertion or urgency to secure this object, when he did commence his suit. Having, by his delay, incurred, without necessity, the probable hazard of a failure to serve the process in time, he can claim no benefit from the fact that it might possibly have been served; and having, as we think, failed to show due diligence in the prosecution of the remedy against the obligor in the note, he is not entitled to recover against the assignor.

*Apperson and Peters* for plaintiff; *J. & W. L. Harlan* for defendant.